Charles E. Rice, Jr. v. Commissioner.
Rice v. Commissioner
Docket No. 112588.
United States Tax Court
1948 Tax Ct. Memo LEXIS 18; 7 T.C.M. (CCH) 928; T.C.M. (RIA) 48259; December 10, 1948
D. H. Markstein, Jr., Esq., for the petitioner. Homer F. Benson, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined deficiencies in income tax for 1939 and 1940 in the amounts of $41.97 and $70.40, respectively. The deficiencies resulted entirely from the disallowance of the petitioner's claim for personal exemption as head of a family. Findings of Fact The petitioner during the taxable years involved was a resident of Birmingham, Alabama. He filed his return with the collector of internal revenue at Birmingham. The petitioner was unmarried and was living with his widowed mother. The petitioner's father *19 died in 1937. He left a small estate, consisting of securities and insurance, in the total amount of approximately $10,000, and a home in Birmingham valued at about $10,000, which was subject to a mortgage, in 1939, of approximately $5,500. These properties were all left to petitioner's mother and comprised substantially all of her estate. Her income, including a $360 a year Spanish American War pension, was approximately $700 in each of the taxable years. She was 61 years of age in 1939 and was not physically capable of self-support. In 1939 and 1940 the petitioner was practicing law and was engaged, primarily, in handling claims for the Mutual Life Insurance Company of New York. He spent about one-fourth of his time in Birmingham and the balance traveling. He maintained no home except that in Birmingham. While in Birmingham he lived with his mother in the family residence. He contributed regularly, and in substantial amounts, to the maintenance of the home and his mother's support. Such contributions amounted to approximately $1,300 in each of the taxable years. They included regular monthly payments on the mortgage on the home of $58 per month, and various household expenses, *20 such as utilities, repairs, food, etc. Other identified items were the payments on a refrigerator which had cost $227, $25 for Christmas presents for his mother's nieces and nephew, $15 for his mother's visit to Mobile, where her sister lived, $4 for a magazine subscription, $20.40 for a radio, and various small amounts of cash which the petitioner gave his mother for household and personal uses. The petitioner, during 1939 and 1940, was the head of a family within the meaning of section 25 (b) (1) of the Internal Revenue Code. Opinion LEMIRE, Judge: The petitioner contends that he is entitled to the statutory personal exemption of $2,500 in 1939 and $2,000 in 1940, as the head of a family, and a credit of $400 for one dependent, his mother, in 1940. The respondent has allowed him a personal exemption of $1,000 in 1939 and $800 in 1940, pursuant to section 25 (b) (1), Internal Revenue Code, as amended by section 6 (a) of the Revenue Act of 1940. He has allowed no credit for dependents. There can be no question as to petitioner's moral obligation to furnish whatever funds were needed to support his widowed mother. The Commissioner *21 contends that the evidence does not show that the mother was financially dependent upon the petitioner. According to the evidence the petitioner's mother had an estate of her own of a net value of approximately $15,000, and in addition a pension from the United States Government of $360 a year. Her income from all sources was approximately $700 a year. She employed no full-time servants and otherwise maintained a modest scale of living. We are satisfied from the evidence that her actual living expenses were considerably more than twice that amount. The petitioner's testimony that he contributed approximately $1,300 each year to his mother's support and the maintenance of her home was substantiated by cancelled checks and other documentary evidence. More than half the cost of the beneficiary's support is all that is required under the Commissioner's rulings. See Mim. 5327, 1942-1 C.B., p. 81, and I.T. 3267, 1939-1 C.B. (Pt. 1), p. 176. While some of the items which the petitioner has included in his contributions to his mother's support may not have been necessary living expenses, such as the radio, the magazine subscription, and the traveling expenses, these *22 items were incidental and not of sufficient amount to defeat the petitioner's claim. The evidence as a whole, we think, shows that the petitioner contributed more than half of his mother's legitimate living expenses and entitles the petitioner to the status of head of a family. By exhausting her capital the mother might have been able to support herself for a number of years without assistance from the petitioner, but she would then have been wholly dependent upon him. We think that the course followed by the parties was a reasonable and prudent one. We hold that the petitioner is entitled to the statutory exemption claimed as head of a family in 1939 and 1940 and to the $400 credit claimed for a dependent in 1940. Decision will be entered for the petitioner.